GUIDRY, Judge.
This suit arises out of an accident which occurred on September 2, 1978 involving a motorcycle being operated by the plaintiff, Kenneth Dartez and owned by the plaintiff, Geneva Dartez. The plaintiffs, Kenneth and Geneva Dartez, brought suit against the owner and the operator of the other vehicle involved as well as their own insurer, Northland Insurance Company. After answer, Northland filed a motion for summary judgment, attaching a certified copy of the insurance policy issued by it to Geneva Dartez covering the motorcycle. The trial judge granted the motion for summary *522 judgment, dismissing the plaintiffs’ claim against Northland. The plaintiffs appeal. We affirm.
In their petition, the plaintiffs seek damages for “mental and physical pain and suffering, personal injuries, injury to their entire bodies, lost wages, medical, drug and other bills”. They do not allege damage to the motorcycle in their petition.[1]
The certified copy of the insurance policy covering the motorcycle clearly shows that there was no coverage for medical payments and no uninsured motorist coverage.[2] The plaintiffs offer no theory by which they may recover damages from Northland. In their only assignment of error, they assert that the motion for summary judgment was improvidently granted.
The plaintiff or defendant in any action may move for summary judgment in his favor for all or part of the relief for which he has prayed. The judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material facts. LSA-C.C.P. Art. 966.
LSA-C.C.P. Art. 967 provides:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
In the present case, Northland attached to the motion for summary judgment a certified copy of the policy of insurance as well as an affidavit executed by its Liability Claims Manager stating that the attached document was a true copy of the policy of insurance in question. The policy clearly shows that there was no medical payments or uninsured motorist coverage. The plaintiffs offered no opposition to the motion. The above being considered, defendant, Northland, was clearly entitled to summary judgment.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiffs-appellants.
AFFIRMED.

. It is unclear from the record why the plaintiffs alleged no damage to the motorcycle, which would be covered by the policy in question. However, in brief to this court, counsel for Northland states that the company delivered a check for the damage to the motorcycle under the collision coverage afforded by the policy.

. The Northland policy is dated effective as of July 9, 1978. On that date the insured, Geneva Dartez, specifically rejected uninsured motorist coverage in writing. The written rejection is made a part of the policy.